# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| CHARLES NETTLETON, | |
| Plaintiff, | Civil Action File No. |
| v. | |
| SHELBYVILLE LUMBER CO., INC. and DYLAN LAYNE | JURY DEMAND |
| Defendants. | |

## COMPLAINT

COMES NOW Charles Nettleton, and files this Complaint for personal injuries against Defendants Shelbyville Lumber Co., Inc. and Dylan Layne for compensatory and punitive damages, showing this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Charles Nettleton was injured as a result of an auto incident that occurred on April 5, 2022 in Coffee County, Tennessee.

2.

Plaintiff resides at 100 Eagle Lane, Jonesboro, GA 30226 and is a resident and citizen of the state of Georgia.

3.

Defendant Shelbyville Lumber Co., Inc. ("Shelbyville Lumber") is a domestic corporation existing under the laws of the state of Tennessee with its principal place of business at 917 N. Main Street in Shelbyville, TN and may be served through its registered agent Michael Matusek at 917 N. Main Street, Shelbyville, TN 37160.

4.

Defendant Dylan Layne ("Layne") is a resident and citizen of Tennessee and may be served at his residence address at 106 College Street in Wartace, TN.

5.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

## FACTS

7.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

8.

On April 5, 2022, Defendant Layne was driving a vehicle on behalf of Shelbyville Lumber and attempted to cross Highway 41 at the intersection of Beechgrove Road and pulled out a short distance in front of a vehicle driven by Plaintiff.

9.

Plaintiff did not have time to avoid Defendant's vehicle, and Plaintiff's vehicle struck the front of Defendant's vehicle.

10.

As a result of the collision, Plaintiff suffered serious and permanent injuries requiring multiple surgeries.

## COUNT I – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL AND WANTON CONDUCT AND RECKLESSNESS OF DEFENDANT DYLAN LAYNE

11.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

12.

Defendant Layne was negligent, grossly negligent, engaged in wilful and wanton misconduct and was reckless and negligent *per se* in the following ways:

(a) Failing to yield the right of way to oncoming traffic in violation of Tenn Code § 55-8-130;

(b) Failing to yield the right of way to oncoming traffic when turning left in violation of Tenn Code § 55-8-129;

(c) Failing to maintain a proper lookout for oncoming traffic;

(d) Failing to follow accepted industry standards and practices in driving his vehicle;

(e) Otherwise violating state laws and federal regulations governing the operation of his vehicle; and

(f) Otherwise failing to act as a reasonably prudent person under the circumstances.

13.

The incident at issue was the direct and proximate result of the negligence, gross negligence, willful and wanton misconduct, recklessness and negligence *per se* of Defendant Layne.

14.

As a direct and proximate cause of the negligence, gross negligence, wilful and wanton misconduct, recklessness and negligence *per se* of Defendant Layne, Plaintiff suffered multiple orthopedic injuries requiring surgery with losses

including but not limited to past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, past and future medical expenses, past and future lost wages and loss of earning capacity.

15.

Defendant Layne is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained as a result of the injuries suffered by Plaintiff.

## COUNT II – NEGLIGENCE, GROSS NEGLIGENCE, WILFUL AND WANTON CONDUCT AND RECKLESSNESS OF DEFENDANT SHELBYVILLE LUMBER

16.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

17.

At all times material hereto, Defendant Layne was an employee or agent of Defendant Shelbyville Lumber and was operating his vehicle on behalf of Shelbyville Lumber.

18.

At all times material hereto, Defendant Layne was acting within the course and scope of his employment or agency with Defendant Shelbyville Lumber.

19.

Defendant Shelbyville Lumber is liable for the actions and omissions of Defendant Layne pursuant to the doctrine of *respondeat superior* or agency.

20.

Defendant Shelbyville Lumber was also <u>independently</u> negligent, grossly negligent, engaged in wilful and wanton misconduct and was reckless and negligent *per se* in the following ways:

(g) Negligently hiring or contracting with Defendant Layne to drive the vehicle at issue in this case;

(h) Negligently training Defendant Layne;

(i) Negligently entrusting Defendant Layne to drive the vehicle;

(j) Negligently retaining Defendant Layne to drive the vehicle;

(k) Failing to supervise Defendant Layne;

(l) Otherwise violating state laws and federal regulations governing the operation of vehicles; and

(m) Otherwise failing to act as a reasonably prudent company under the circumstances.

21.

The incident at issue was the direct and proximate result of the negligence, gross negligence, willful and wanton misconduct, recklessness and negligence *per se* of Defendant Shelbyville Lumber.

22.

As a direct and proximate cause of the negligence, gross negligence, wilful and wanton misconduct, recklessness and negligence *per se* of Defendant Shelbyville Lumber, Plaintiff suffered multiple orthopedic injuries requiring surgery with losses including but not limited to past and future pain and suffering, disability, disfigurement, loss of enjoyment of life, past and future medical expenses, past and future lost wages and loss of earning capacity.

23.

Defendant Shelbyville Lumber is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained as a result of the injuries suffered by Plaintiff.

## COUNT III – PUNITIVE DAMAGES

24.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

25.

Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

26.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

(a)  A trial by jury;

(b)  For Summons and Complaint to issue against each Defendant;

(c)  For judgment against each Defendant for the damages set forth below:

   (1) Plaintiff's past medical expenses in the amount of $500,000;

   (2) Plaintiff's future medical expenses in the amount of $500,000;

   (3) Plaintiff's past lost wages in the amount of $100,000;

   (4) Plaintiff's future lost wages in the amount of $100,000;

   (5) Plaintiff's past pain and suffering in an amount of $5 million dollars;

   (6) Plaintiff's future pain and suffering in an amount of $5 million dollars;

(d) For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

(e) Court costs, discretionary costs, and prejudgment interest; and

(f) For all such further and general relief which this Court deems just and proper.

Dated on January 23, 2023.

**FRIED GOLDBERG LLC**

_____
**MICHAEL L. GOLDBERG**
Tennessee BPR No.: 035863
(To be admitted Pro Hac Vice)
***ATTORNEYS FOR PLAINTIFF***

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone: 404-591-1800
Facsimile: 404-591-1801
Email: michael@friedgoldberg.com